[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 06, 2011
JOHN LEY
CLERK

No. 11-10439
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00401-RAL-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERIBERTO RIOS-RIOS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

(September 6, 2011)

Before EDMONDSON, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Heriberto Rios-Rios appeals his 30-month sentence, imposed after he pleaded guilty to one count of conspiracy to transport illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(B)(i), two counts of transporting illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i), and one count of unlawful entry by an alien, in violation of 8 U.S.C. §§ 1325(a)(1), 1329. Rios-Rios contends that his sentence is substantively unreasonable. After review, we affirm.

I.

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). In reviewing sentences for reasonableness, we perform two steps. United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall, 552 U.S. at 51, 128 S. Ct. at 597). If we conclude that no procedural error occurred, "the second step is to review the sentence's 'substantive

reasonableness' under the totality of the circumstances, including 'the extent of any variance from the Guidelines range.'" Id. (quoting Gall, 552 U.S. at 51, 128 S. Ct. at 597). "The party challenging the reasonableness of a sentence 'bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a).'" United States v. Flores, 572 F.3d 1254, 1270 (11th Cir. 2009) (quoting United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)) (alteration in original).

Here, Rios-Rios challenges only the substantive reasonableness of his 30-month sentence. Rios-Rios argues that his sentence, which represented an upward variance from the advisory guidelines range of 12 to 18 months imprisonment, is greater than necessary to achieve the purposes of sentencing. In imposing its sentence, the district court noted that Rios-Rios had illegally entered the United States and been voluntarily deported on five prior occasions. The district court explained that a 30-month sentence was necessary given Rios-Rios's history and characteristics, the need to deter future criminal conduct, and the seriousness of his offenses. Those were all appropriate considerations under 18 U.S.C. § 3553(a). Under the totality of the circumstances, we cannot say that the district court's sentence was an abuse of discretion.

AFFIRMED.